# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROCIO GALVAN and JOSEPH HAWTHORNE, individually and on behalf of the class, | ) ) ) ) |
| Plaintiff, | ) Judge Leinenweber ) |
| -vs- | ) Case No.: 11 CV 3918 ) |
| NCO FINANCIAL SYSTEMS, INC., | ) Magistrate Judge Cox ) |
| Defendant. | ) |

## DEFENDANT'S MOTION FOR LEAVE TO FILE THIRD AMENDED ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES defendant NCO Financial Systems, Inc. (NCO) by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 15, hereby moves this Court for leave to file a Third Amended Answer and Affirmative Defenses.

1. Plaintiffs filed this case alleging that NCO violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. and the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq*. On July 5, 2011, NCO filed an answer and affirmative defenses [doc. 11]. On July 8, 2011, NCO filed an amended answer and affirmative defenses to raise additional affirmative defenses concerning an alleged arbitration clause and class bar that applied to plaintiffs' underlying accounts [doc. 13].

2. On July 18, 2011, plaintiff s filed a motion to strike the amended answer [doc. 14]. In response, NCO agreed to file a Second Amended Answer and Affirmative Defenses.

3. NCO's Second Amended Answer and Affirmative Defenses was filed on July 29, 2011 [doc. 17].

4. In its original answer, and amended answer, NCO raised an affirmative defense alleging that plaintiffs' claims were barred by the applicable statute of limitations. In the Second Amended Answer, the statute of limitation defense was omitted.

5. The statute of limitation period applicable to claims under the FDCPA is 1 year. *See 15 U.S.C. § 1692k(k)(d)*.

6. During its continued investigation, NCO has learned that it engaged in no collection activity in relation to the account of plaintiff Galvan since June 20, 2007.

7. In relation to plaintiff Hawthorne's account, NCO last made an attempt to collect the account on February 10, 2007.

8. Plaintiffs filed this action on June 8, 2011, more than 4 years after NCO's last contact with plaintiff Hawthorne and nearly 4 years after NCO last attempted to collect a debt from plaintiff Galvan.

9. NCO seeks leave to file a Third Amended Answer and Affirmative Defenses to re-plead the statute of limitation affirmative defense. A copy of the proposed answer is attached as Exhibit A. In the proposed Third Amended Answer and Affirmative Defenses, NCO raises only an additional affirmative defense, asserting that plaintiffs FDCPA claims are time barred.

10. On August 11, 2011, counsel for NCO contacted plaintiff's counsel to ascertain whether plaintiffs objected to this motion. On the same date, plaintiffs counsel, Keith Keogh informed undersigned counsel that he would not agree to this motion.

11. Federal Rule of Civil Procedure 15(a) provides that leave to file an amended pleading should be freely given when justice so requires. *Fed.R.Civ.P. 15(a)*.

12. The interest of justice will be served by granting NCO leave to file the Third Amended Answer and Affirmative Defenses. As demonstrated above, NCO's statute of limitation affirmative defense is well grounded in fact. Therefore, allowing the amendment at this time will conform the pleadings to one of the critical issues in this case.

13. Allowing the amendment will not cause any prejudice to plaintiff. The statute of limitation defense has been present in this case from the filing of the original answer, the case has been pending for only a little of 2 months, and plaintiff has sought discovery on NCO's affirmative defenses. Plaintiffs are not being unfairly surprised by the claim that plaintiffs' claims are time barred.

14. Moreover, allowing the amendment will permit the pleadings to conform to the facts in this case. During the course of discovery, NCO had learned that plaintiffs' claims may be time barred. Plaintiffs likely will dispute this contention, and will deny that the limitation period has expired on any claim. Allowing the amendment will formally clarify this disputed issue.

WHEREFORE, NCO respectfully requests that this Honorable Court grant it leave to file a Third Amended Answer and Affirmative Defenses.

        Respectfully submitted,

        /s/ James K. Schultz
        Attorney for Defendant NCO

Bryan C. Shartle
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
Lakeway Two, Suite 200
3850 North Causeway Boulevard
Metairie, LA 70002-7227
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
E-Mail: bshartle@sessions-law.biz

James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
55 West Monroe Street
 Suite 1120
Chicago, Illinois 60603
Telephone: (312) 578-0990
Facsimile: (312) 578-0991
E-Mail: jschultz@sessions-law.biz

Attorneys for Defendant NCO Financial Systems, Inc.

## CERTIFICATE OF SERVICE

I certify that on this 11th day of August, 2011, a copy of the foregoing Motion for Leave to File a Third Amended Answer and Affirmative Defenses was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

    Keith J. Keogh
    Craig Shapiro
    Timothy J. Sostrin
    KEOGH LAW, LTD.
    101 N. Wacker Drive, Suite 605
    Chicago, IL 60606

    /s/ James K. Schultz
    Attorney for Defendant NCO